IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

UNITED STATES OF AMERICA                                                                                  PLAINTIFF

v.                                    Case No. 1:20-cr-10005

MARCO ANTHONY GUIRLANDO                                                                         DEFENDANT

## ORDER

Before the Court is Defendant's Motion to Clarify Permissible Contact with Victim. ECF No. 29. On January 27, 2020, Defendant pled guilty to one count of Travel with Intent to Engage in Illicit Sexual Conduct in violation of 18 U.S.C. § 2423(b). ECF No. 5. On May 3, 2021, the Court sentenced Defendant to sixty (60) months imprisonment with credit for time served in federal custody, five (5) years supervised release with conditions, and a $100 special assessment. ECF No. 26.

On November 9, 2021, Defendant filed the instant motion. Defendant seeks to have the Court issue an order in which the Court would clarify that Defendant's sentence did not prohibit Defendant from contact with the individual, referenced as "A.B.", with whom he engaged in the illegal conduct underlying his conviction. A.B. was a minor person at the time of the conduct. Defendant states that the Bureau of Prisons ("BOP") has prohibited Defendant from contacting A.B. and, as a result of A.B. residing with Defendant's family, has functionally prohibited Defendant from certain communication with his family. The Court interprets Defendant's motion as a request for the Court to direct the BOP to permit Defendant to contact A.B. during his term of confinement.

The Court cannot grant Defendant's motion to the extent that Defendant seems to move the Court to direct the BOP to permit contact with A.B. It is accurate that the Court did not restrict

Defendant's contact with A.B. as part of Defendant's sentence. ECF No. 26. However, Congress delegated custody and authority over inmates in Federal correctional institutions to the Bureau of Prisons. *See* 18 U.S.C. §§ 3621(a), 4001(b)(1), and 4042(a)(1). The Warden of a BOP facility has authority to place restrictions on an inmate's general correspondence. *See* 28 C.F.R. § 540.15(a). The Warden also has authority to reject specific correspondence sent by an inmate in order to protect the public or to further other purposes. *See* 28 C.F.R. § 540.14(d). An inmate's use of a telephone is similarly subject to limitations a Warden determines are necessary to protect the public or further other purposes. *See* 28 C.F.R. § 540.100(a). These restrictions are permitted even though the sentencing court did not make such a restriction a component of a defendant's sentence. *See U.S. v. Allmon*, 702 F.3d 1034, 1038 n.3 (8th Cir. 2012) (citing to 28 C.F.R. § 540.15 as an example of the BOP's power to place communication restrictions on an inmate without the restriction being part of an inmate's sentence).

Defendant has alleged no violations of any BOP regulation. Further, Defendant has not alleged that he has taken any steps to utilize the Administrative Remedy Program available to "allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Defendant has simply alleged that BOP personnel have acted within the scope of their delegated authority. Accordingly, the Court finds that it cannot grant Defendant's request.

For the reasons stated above, Defendant's Motion to Clarify Permissible Contact with Victim (ECF No. 29) is hereby **DENIED**.

**IT IS SO ORDERED**, this 2nd day of December, 2021.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge